UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON JONES and JESSICA JONES,

    Plaintiffs,

v.                            Case No.:  2:24-cv-976-SPC-KCD

PROGRESSIVE EXPRESS INSURANCE COMPANY and SAFECO INSURANCE COMPANY OF ILLINOIS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendant Safeco Insurance Company of Illinois' Notice of Removal (Doc. 1) and Supplement to same (Doc. 15). Safeco removed this motor-vehicle-accident and insurance-bad-faith case by invoking diversity jurisdiction. The Court was not convinced Safeco had met its burden of establishing the amount in controversy, so it ordered Safeco to supplement its Notice to provide additional evidence that the amount in controversy exceeds $75,000. (Doc. 9). Although Safeco provided a supplement (Doc. 15), it still has not established the jurisdiction threshold is met.

Rather than provide new evidence to bolster the amount in controversy, Safeco doubles down. It argues that the Complaint facially establishes the

amount in controversy.[1]  "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  In conducting this evaluation, courts may call upon "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.  The Court may not, however, simply speculate as to amount in controversy.  *See Perly v. Safeco Ins. Co. of Illinois*, No. 6:20-CV-1723-ORL-41-DCI, 2020 WL 6699637, at *2 (M.D. Fla. Nov. 13, 2020).

To demonstrate the Complaint facially satisfies the amount in controversy, Safeco first cites the traditional laundry list of damages alleged in the Complaint, such as bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, hospital and medical expenses, loss of ability to earn money, and so on (which are permanent or continuing).  (Doc. 3).  But the Complaint "provides no detail on the types of injuries, the costs of medical treatment, or loss of earnings." *Townson v. Brinker Fla., Inc.*, No. 3:23-CV-590-TJC-MCR, 2023 WL 3645608, at *1 (M.D. Fla. May 25, 2023).  Safeco's reliance on these general, conclusory

---

[1] The Complaint asserts the amount in controversy exceeds $50,000, the state-court jurisdictional amount.  (Doc. 3).

2

allegations is not enough to establish the amount in controversy. *Id.*; *Tipton v. Togom*, No. 3:23-CV-24671-TKW-HTC, 2024 WL 562734, at *2 (N.D. Fla. Jan. 16, 2024) ("There is nothing in the second amended complaint that makes it 'facially apparent' that the amount in controversy exceeds $75,000 because it only contained a general description of the injuries that resulted from what appears to have been a run-of-the-mill vehicle crash.").

Safeco also cites to Jones' allegation that she "is entitled to underinsured motorist coverage through the policy with the Defendant . . . as a result of the subject accident." (Doc. 3 ¶ 74). It is unclear what this line is supposed to established. Of course Jones is seeking UM coverage under the policy; that is why she is suing Safeco. But this says nothing of the amount she is seeking. Although the policy limit is $100,000, nowhere in the Complaint does Jones demand the policy limits.[2] *Contra Williams v. LM Gen. Ins. Co.*, 387 F. Supp. 3d 1366, 1369 (M.D. Fla. 2019) (jurisdictional requirement was satisfied because plaintiff sought the policy limits (which totaled $200,000) in her complaint).

Safeco then points to Plaintiff's bad-faith claims. It insists that "allegations in bad faith claims may be considered in assessing the amount in

---

[2] Jones does allege that her damages exceed the at-fault driver's bodily injury limits of $25,000. (Doc. 3 ¶ 72). But this is a separate matter because this is what gives rise to Jones' underinsured motorist claim. Plus, $25,000 is still well below the jurisdictional threshold.

controversy." *Id.* at 1371. That is fine. But none of the allegations in Jones' bad faith claim suggest the amount in controversy is satisfied. She simply alleges that Jones gave notice of a covered loss, made a claim, demanded UM coverage benefits, and that Safeco breached its duty by refusing to pay on the claim. (Doc. 3 ¶¶ 86, 91). This is nothing more than a prima facie bad-faith claim. Unlike the cases Safeco cites, none of Jones' bad-faith allegations suggest she seeks the policy limits. *See Williams*, 387 F. Supp 3d at 1370 ("Plaintiff alleges in her bad faith claim that she 'is entitled to the limit of uninsured motorist benefits under the policy[.]'"); *Mayo v. Liberty Mut. Ins. Co.*, No. 8:21-CV-337-SCB-TGW, 2021 WL 1310282, at *1 (M.D. Fla. Apr. 8, 2021) (plaintiff alleged in her bad faith claim that defendant breached its duty of good faith by failing to tender the policy limits, which was $100,000); *Padilla v. Safeco Ins. Co. of Illinois*, No. 6:18-CV-930-ORL-37-TBS, 2018 WL 3202080, at *1 (M.D. Fla. June 28, 2018) (complaint for UM benefits and bad faith alleged "the full amount of the uninsured motorist benefits under the Policy").

On a similar score, Safeco argues that Jones' bad faith claim, alone, "shows that she intended to place more than the amount of the policy limits in controversy" for her underinsured motorist claim. (Doc. 15 at 4). That rationale made sense in *Wilt v. Depositors Ins. Co.*, No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *7 (M.D. Fla. Nov. 26, 2013), a case Safeco relies on. There, the plaintiff alleged in her complaint that the defendant "knew its

4

$300,000 policy limits were inadequate to compensate her for the injures she sustained in the accident[.]" *Id.* So clearly, the complaint there facially demonstrated the plaintiff felt her UM claim was worth more than the policy limits. But Jones makes no such allegation here. The same is true for the other cases Safeco cites. *See Vaughn v. 21st Century Sec. Ins. Co.*, No. 3:12-CV-410/MCR/CJK, 2012 WL 5904323, at *1 (N.D. Fla. Oct. 16, 2012) (the complaint explicitly alleged that plaintiff's damages "far exceed the policy limits of the uninsured motorist policy afforded by the defendant in this matter."); *Rohee v. Garrison Prop. & Cas. Ins. Co.*, No. 14-CV-81037, 2014 WL 12479276, at *2 (S.D. Fla. Dec. 2, 2014) (count II of the complaint alleged that plaintiff sought "an amount in excess of the policy limits."). So, despite its best efforts, Safeco fails to show the Complaint facially establishes the jurisdictional threshold is met.

Ever persistent, Safeco then asks the Court to look beyond the Complaint. "When the amount in controversy is not apparent on the face of the Complaint, the Court looks to the Notice of Removal and defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount." *Kajoshaj v. Circle K Stores, Inc.*, No. 2:14-CV-170-FTM-29CM, 2014 WL 2744888, at *1 (M.D. Fla. June 17, 2014). To satisfy this burden, Safeco cites Jones' pre-suit demand letters seeking $100,000 (the policy limits) and $99,500. (Docs. 1-5, 1-7). And it

5

includes a long string of authority for the well-established proposition that a court may consider a demand letter as evidence for the amount in controversy. But, as the Court already explained in its previous Order (Doc. 9), demand letters alone are not sufficient because they often "reflect a fair amount of puffing and posturing." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). More is required.

For its part, Safeco argues that the demand letters contain sufficient facts to substantiate Jones' demand. As before, the Court disagrees. Although the demand letters outline Jones' medical treatment and injuries, she has accrued only $15,207.83 in medical bills and out-of-pocket expenses. And the narrative provided suggests this was a run-of-the-mill motor-vehicle accident. For instance, Jones did not suffer any catastrophic injuries, nor has surgery been recommended. *Contra Progressive Express Ins. Co. v. Lopez Transp. Servs., Corp.*, 470 F. Supp. 3d 1272, 1276 (S.D. Fla. 2020) (amount in controversy satisfied when plaintiff's injuries were "catastrophic," including a traumatic brain injury, a brain bleed, a spinal fracture, and was admitted into a hospital's intensive care unit); *Yetter v. Amica Mut. Ins. Co.*, No. 6:13-CV-972-ORL-31, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (finding amount in controversy satisfied after considering, among other factors, the "uncontested assertion that [plaintiff] faces the prospect of spinal surgery").


The letters also outline over $700,000 in future medicals. But these figures are not based on physician recommendation or any sort of methodology. *Cf. Guerrero v. Sisco*, No. 2:23-CV-1201-SPC-KCD, 2024 WL 493464, at *1 (M.D. Fla. Jan. 8, 2024). Rather, they are Jones' personal and self-serving estimate. It seems to the Court that this vast difference between Jones' accrued medical bills—roughly $15,000—and her unsupported damages estimate—over $700,000—for a (what appears to be) standard underinsured motorist claim is puffery.

Safeco again calls upon the Civil Remedy Notice. It is adamant that a CRN can be considered as evidence of the amount in controversy. That is true. But, as the Court already explained, the CRN provided by Jones is a copy-and-pasted recitation of the demand letters. So, other than an official letterhead, it brings nothing new to the analysis. *See Dimasi v. USAA Gen. Indem. Co.*, No. 8:23-CV-2265-VMC-TGW, 2023 WL 6873351, at *2 (M.D. Fla. Oct. 18, 2023) ("[T]his Civil Remedy Notice appears to be puffing and posturing like Plaintiff's demand letter and is generally unhelpful in the Court's amount in controversy analysis.").

Finally, Safeco points to Jones' refusal to stipulate to the amount in controversy. In state court, Safeco served Jones with Requests for Admission, two of which asked Jones to: (1) admit that her total damages exceed $75,000; and (2) admit that her total damages do not exceed $75,000. Jones responded

to both that she "lacks sufficient knowledge to admit or deny" because her damages "are to be determined by the jury." (Doc. 1-3 at 38). More recently, Jones' counsel reaffirmed this position. (Doc. 21-1). Safeco implores the Court to consider this as evidence the amount in controversy is satisfied.

A plaintiff's refusal to stipulate should be considered evidence that the amount in controversy is met. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009). This is so courts are not compelled to find jurisdiction lacking whenever a plaintiff purposefully refuses to acknowledge that she is seeking the requisite damages. *Id*. That said, a refusal to stipulate, alone, is not enough "because there are several reasons why a plaintiff would not so stipulate." *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018).

Jones' refusal to stipulate, given her demands for policy limits, is indeed suspicious. And the validity of her objection to the requests for admissions is questionable at best.[3] But the gap between Jones' $15,000 in established damages and the $75,000 jurisdiction threshold is too large for Defendant to overcome solely on Jones' refusal to stipulate. Even viewing this in conjunction with the other arguments raised by Safeco, Jones' refusal to stipulate "does not tip the scales." *Townson*, 2023 WL 3645608, at *1 ("Given the weakness of

---

[3] Although Jones' objection to these requests appears baseless, this is an issue for the state court to address.

8

[defendant's] other two amount-in-controversy arguments, Plaintiff's refusal to stipulate does not tip the scales.").

There is one last issue to address. Plaintiffs recently filed a stipulation in which they "stipulate that the amount in controversy in this action exceeds $75,000." (Doc. 22). This would seemingly render the foregoing moot. But there is a problem. Because they filed this stipulation jointly, it suggests the stipulated amount in controversy is the aggregate of both Plaintiffs' claims. This is problematic because, generally, multiple plaintiffs cannot aggregate their claims together to satisfy the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) ("Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction.").[4] Since it is unclear whether at least one of the Plaintiffs, individually, seeks the jurisdictional threshold, this stipulation fails to move the needle.

Ultimately, "this is not the type of case where the plaintiff's acknowledged damages are so close to the jurisdictional threshold that the court may properly exercise its judicial experience and common sense to determine that the amount in controversy is sufficient." *Sysel v. Empower*

---

[4] Although there is an exception to this rule—where multiple plaintiffs have "a unified, indivisible interest in some common fund that is the object of litigation—it does not apply here. *See Bulla v. Neal*, No. 8:23-CV-2614-VMC-SPF, 2024 WL 3466623, at *2-3 (M.D. Fla. July 19, 2024) (explaining that "just because Plaintiffs' claims for uninsured motorist benefits stem from the same insurance policy does not mean that Plaintiffs have a joint interest).

9

*Brands, LLC*, No. 22-CV-62385, 2023 WL 5053980, at *6 (S.D. Fla. July 19, 2023).  So Safeco's mosaic of theories to establish the amount in controversy falls short.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida (Case No. 24-CA-006422).

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 2, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

10